United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Cause No. 04-30480
Summary Calendar

_____

DIANE S. ROY,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE,
Ann M. Veneman, Secretary,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
Civil Action No. 02-CV899"A"(4)

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's grant of
summary judgment in favor the United States Department of
Agriculture ("USDA"). For the reasons stated below, we AFFIRM.

Diane S. Roy ("Roy"), a black female, sued the USDA,
alleging racial discrimination in violation of Title VII of the
Civil Rights Act of 1964. Roy worked at the USDA as an Accounting
Technician in the National Finance Center. Roy applied for one of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

five vacant paralegal positions within the USDA. Applicants were instructed to file a package consisting of an application, their most recent performance appraisal, a college transcript or a paralegal certificate, proof of eligibility, and a supplemental statement discussing the applicant's knowledge, skills, and abilities. Soon after submitting her application, Roy received a hand-delivered notice that she would not be considered for any of the vacant positions because her application was deficient. She was not permitted to amend her application.

Other application packages were reviewed and rated by a promotions panel, which used a five-criterion evaluation system. The system resulted in two rosters, "Best Qualified" and "Non-Competitive Eligibles," which were then submitted to two selection officials in alphabetical order and minus the scoring and ratings. The two selection officials then interviewed in identical manner the candidates who made the "Best Qualified" roster, excepting one candidate who withdrew. Thereafter, each official individually selected five persons from the roster. They then convened to compare their choices. Both officials chose the same five candidates, hired those persons, and, as required by law, contemporaneously filed justifications for the selection of each candidate. All of the five selectees were women: one Black, one Native American, and three Caucasians. After the hiring decisions were posted, Roy filed a Freedom of Information Act request for copies of the hired persons applications. After reviewing these

2

documents, Roy filed suit. The USDA responded with a motion for summary judgment, which the district court granted in its favor. Roy appeals from that decision.

This court reviews a district court's grant of summary judgment de novo, applying the same standards as that court. Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994).

Pursuant to the burden-shifting framework operative in Title VII disparate treatment cases, if Roy demonstrates a prima facie case of discrimination, the burden shifts to the USDA to articulate a legitimate, non-discriminatory basis for its employment decision. If the defendant meets this burden, Roy must demonstrate that the USDA's articulated reason is a pretext for discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668(1973).

The prima facie burden is extremely low, and Roy had no problem meeting it here. As a black woman she qualifies as a member of a protected class; she applied for a paralegal position and was qualified for the job; she did not get the job; and non-protected persons with similar qualifications were hired for the position she sought. See McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824 (setting forth the four requirements of prima facie case). The USDA also meets its burden – one of production, not persuasion – to articulate a legitimate, nondiscriminatory reason for its employment decision: that the qualifications of the five

3

persons hired were superior to Roy's qualifications,[1] including those of the two minorities hired to the exclusion of Roy. See Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 142, 120 S. Ct. 2097, 2106, 147 L.Ed.2d 105 (2000) (stating that "[t]his burden is one of production, not persuasion; it 'can involve no credibility assessment'") (quoting St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509, 113 S.Ct. 2742, 2748, 125 L.Ed.2d 407 (1993). The USDA supported this articulation with production of summary judgment evidence, including affidavits from the selecting officials regarding hiring procedures and criteria as discussed above, more than sufficiently rebutting the presumption established by Roy's prima facie case.

Fatally, Roy fails to establish pretext. As discussed above, the selection officials filed statements, as legally required, affirmatively explaining the employment decision as to each hired applicant and detailing each individual's relevant knowledge, skills, and abilities, including written communications. The officials were only required to justify their reasons for declining Roy the position during the EEOC administrative

---

[1] Roy argues that the district court erred in identifying the USDA's legitimate, nondiscriminatory reason as the superior qualifications of the five hired persons, instead of the reason that the selection officials offered during an EEOC administrative investigation – that Roy's application was poorly prepared and contained numerous grammatical and spelling errors. Roy's distinction is without a difference. The USDA's reason – superior qualifications of the five hired persons – necessarily encompasses the application review procedures wherein hiring personnel found Roy's application deficient for, among other reasons, poor preparation as reflected in the high number of grammatical and spelling errors. The USDA's position has been consistent.

4

investigation. At that time, the officials maintained that Roy's application was rejected because it was poorly written and contained numerous grammatical and spelling errors. As evidence of pretext, Roy maintains that the applications of the five hired persons were as poorly written as her own, submits an unsigned document from a school teacher in support thereof, and maintains that she is better qualified than the persons hired.

First, because an unsigned affidavit is not competent summary evidence pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, the Court will not consider it for purposes of de novo review. Fed. R. Civ. P. 56(e); Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 192 (5th Cir. 1991). Assuming technical competency, arguendo, the document, which asserts that the applications of the five persons hired also contained grammatical and spelling errors, is insufficient to establish pretext because its substance does not adequately dispute the more than competent summary judgment declarations of the selection officials, which aver that the degree and extent of grammatical and spelling errors contained in Roy's application was unacceptable under the relevant application requirements and hiring procedures.

Additionally, Roy's argument that she was "clearly better qualified" than the hired persons also fails.[2] As a Title VII

---

[2] Although Roy tries to back away from this argument now, contending that the district court incorrectly applied the "clearly better qualified" standard when it should have simply addressed whether she demonstrated pretext, Roy raised both standards below and, thus, the district court properly addressed

5

plaintiff, Roy may survive summary judgment by demonstrating that she was "clearly better qualified" than the persons hired. Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 356-57 (5th Cir. 1992) (citation omitted). However, unlike Roy's prima facie burden, the "clearly better qualified" standard is extremely high — evidence of the plaintiff's qualifications must be "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question" – and Roy does not satisfy it. Celestine, 266 F.3d at 357. Contrary to Roy's contentions, the fact that she has a paralegal certificate does not make her "clearly better qualified" than the candidate(s) who had no certification because certification was not an exclusive education requirement. Rather, an applicant had to possess a college education or a paralegal certificate. Even if specialized paralegal certification was a requirement, the white hiree with whom Roy takes greatest issue was employed as a paralegal specialist at the time she was hired and had significant relevant prior work experience. The other hirees had similarly extensive legal employment backgrounds. Roy's certification and one-year trainee experience at a law firm pale in comparison and fail under the "clearly better qualified" standard.

---

both standards below. Therefore, we address those same standards here, and Roy loses on both counts.

6

Finally, Roy similarly fails on her "pattern and practice of discrimination" claim as it is inapplicable to her individual claim of racial discrimination. See Celestine, 266 F.3d at 355-356 (holding that an individual failure-to-promote race-based claim is properly analyzed under the McDonnell Douglas burden-shifting framework at summary judgment stage because "pattern and practice" claims are unavailable outside of a class action).

For these reasons, we AFFIRM the district court's summary judgment grant in favor of the USDA.

**AFFIRMED**.