# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2025

Lyle W. Cayce
Clerk

————————

No. 24-10701

————————

James Edward Strong,

*Plaintiff—Appellant*,

*versus*

United Petroleum Transports, Incorporated,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-136

————————————————————————

Before Stewart, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se*, James Strong sued his former employer, United Petroleum Transports (UPT), under 42 U.S.C. § 1981, alleging that UPT terminated him for racially discriminatory and retaliatory reasons. Because UPT articulated a legitimate, nondiscriminatory reason for terminating Strong and Strong failed to show that UPT's proffered reason was pretextual, the magistrate judge recommended granting UPT's motion for summary

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

judgment. Independently reviewing the record, including Strong's untimely objections to the magistrate judge's recommendation, the district court granted UPT's motion.[1]

Strong now appeals, raising three identifiable issues. First, he generally contends that there are genuine disputes of material fact that preclude summary judgment. *See* Fed. R. Civ. P. 56. But Strong fails to provide any citations to the record to substantiate his contention, and his brief otherwise makes no attempt to articulate any disputed material facts. Thus, we accept UPT's invitation to disregard this assignment of error due to Strong's failure adequately to brief the issue in accordance with Federal Rule of Appellate Procedure 28(a)(8)(A), which requires appellants to include in the "argument" section of their brief their "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *See also Arredono v. Univ. of Tex. Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020); 5th Cir. R. 28.2.2.

Second, Strong maintains that the district court impermissibly considered employment records attached to UPT's motion for summary judgment because they were not properly authenticated and therefore were not competent summary judgment evidence. But that argument, assuming it

---

[1] UPT contends that the appropriate standard of review is plain error because Strong failed to file a timely objection to the magistrate judge's recommendation. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). But UPT's argument neglects that the record indicates that the district court conducted an independent review of the record; the court expressly considered, *inter alia*, Strong's objections. Therefore, we conduct a de novo review. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017) ("When . . . the district court undertakes an independent review of the record, our review is de novo, despite any lack of objection.").

is preserved,[2] lacks merit. "At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form." *Maurer v. Independence Town*, 870 F.3d 380, 384 (5th Cir. 2017). "This flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record." *Id.* UPT was thus not required to lay the foundation necessary to admit the employment records as if UPT were seeking their admission into evidence at trial. *See id.* Instead, UPT needed only to demonstrate that those records were "likely" admissible. *See id.* Because they are, the district court did not err in considering those documents or refusing to strike them from the summary judgment record.

Third and finally, Strong suggests that the district court legally erred by considering an unsigned, undated declaration attached to UPT's motion for summary judgment. To be sure, UPT initially proffered an unsigned, unsworn declaration from its regional manager Carlton Bailey. But after Strong pointed out that deficiency in response to UPT's motion, the district court permitted UPT to supplement its motion with an identical declaration that Bailey executed and dated. The district court then decided the motion, based in part upon the executed declaration. Unsigned affidavits are "not competent summary [judgment] evidence." *Roy v. U.S. Dep't of Agric.*, 115 F. App'x 198, 200 (5th Cir. 2004) (per curiam). However, Strong's

---

[2] We question whether Strong's untimely objection to the magistrate judge's recommendation sufficiently articulated this argument to preserve it for appellate review. *See* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections to the proposed findings and recommendations"). Nevertheless, we assume, for purposes of deciding this appeal and affording every benefit to Strong as a *pro se* litigant, that his arguments are preserved.

No. 24-10701

argument lacks merit because UPT remedied the deficiency before the district court decided UPT's motion.

The summary judgment of the district court is

AFFIRMED.